*263 Opinion of the Court, by
Judge Owsr.EY.
Jesse Lamme loaned to Lewis Saunders various sums of money, under agreements to receive interest at a rate greater than six per centum per annum on the amount loaned. *
3For this judgment the de-lend’t therein executed new notes, in one of which the present complainant united as security-
To an action on this note the defend’t pleaded the usury.
Plea of usury adjudged insufficient, & judgment for 'the plaintiff.
Bill by the surety, & allegations as to- the usury.
Allegations as to Set-off.
The notes which were given by Saunders for the payment of the money and the usurious interest, were from time tó time renewed, until the sum loaned and.the interest reserved amounted to §2,500, of which sum §1,885 86, was advanced by the said Jesse Larnme, and the residue, interest reserved and which had accrued upon the same.
To secure the payment of the §2,500, Saunders executed a note to Larnme, in February 1812, and payment not having been made, suit was brought upon the note by Lamme-j and judgment at law recovered for the amount thereof, together with interest and costs.
Saunders was afterwards taken in custody by the sheriiF, under a capias ad satisfaciendum, which issued upon the judgment in favor of Larnme, and to procure his release and secure the payment oí the amountoflhe judgment, Saunders executed two notes, each for a moiety of the debt, to Larnme. In one of these notes, Samuel Saúndfers and John Fowler were his sureties, and in the other, Thomas D. Owings and said Fowler, became jointly bound-.
Subsequent to this, suit was brought by Larnme upon the'note executed by Lewis Saunders, Samuel Saunders and John Fowler. To this suit the defendants appeared and filed a special plea, setting out the usurious loans by Larnme, and the various renewals of the notes executed by Lewis Saunders, together with the action and judgment upon the note for §2,500, and the subsequent execution of the two notes, each for a moiety of the judgment, &c. and relying upon the statute against usury, &c.
The plea was demurred to by Larnme, and the demurrer was sustained by the court, and judgment finally recovered for the amount of the note, &c.
Samuel Saunders, one of the sureties of Lewis Saunders in the note, then exhibited his hi!) in equity, again repeating the circumstances of the loans by Larnme, and the various renewals of the notes, &c. as. had been alleged in the plea to the action at law, and relying upon the usurious reservation of interest, as entitling him to relief against all of the judgment except §942 93, being a moiety of the §1,885 86, the amount of the principal sum loaned by Larnme to Lewis Saunders.
The complainant also states in his bill, that Larnme was indebted to Lewis Saunders §109, fora bull, which *265 •(be former purchaser] of the latter; and also, that Lamme was indebted for merchandize purchased of said Lewis, §100. One half of each of these sums, the complainant insists ought to be set-off against the judgment at law.
Prayer of the bill, and injunction granted.
Defendants answer.
Decree of tho circuit court.
(!) A dole executed ¡for a judgment obtained or- % note w which was included usu-nous interest, tei with the usury.
*265 The bill concluded by praying an injunction (which was granted) against all the judgment, except §'842 93, and for general relief. &c.
Lamme, Lewis Sanders and Fowler, were made defendants; but neither of them answered, except Lamme.
Tiie answer of Lamme admits the loans of the money upon the usurious reservation of interest, and the several renewals of the notes and the recovery of the judgments as staled in tbe bill. It also admits the purchase of the merchandize of Lewis Saunders, as Stated in the bill; but it denies the alleged purchase of the bull, and charges that Lamme has paid Lewis Saunders for the merchandize.
In his answer Lamme protests against a court of equity decreeing the relief sought by (he bill.
On a final hearing, the court below were of opinion that Lamme was indebted to Lewis Saunders for tbe purchase of the bull and merchandize, as alleged in the bill, and 'being also of opinion that the complainant ought to be relieved on account of the usurious reservation of interest, pronounced a decree perpetuating the njunction for all ¡lie judgment except §842 93, that ¡mount being the residue of principal loaned by Lamme Co Lewis Saunders, after deducting the one half of the price of the merchandize and bull, which the court supposed had been sold by Saunders to Lamme.
To reverse that decree, Lamme has prosecuted this wiit of error.
From the preceding statement, it will be perceived, that the grounds relied upon by the complainant in the court below for relief, are two-fold:
1st. Thai of the usurious reservation of interest upon ¡lie sums loaned by Lamme to Lewis Saunders.
And 2d. That of the debt which Lamme is charged to be owing Lewis Saunders, for the purchase of merchandize and the bull.
(1) With respect to the first ground relied upon for relief, it is proper to premise, that there is nothing in the record conducing to show, that at the time the note upon which the judgment at law was rendered, anveon- “ ' ' *266 tract was made between Lamine and Saunders, ivhcie* ^7 an7 usur‘ous interest above what had accrued upon previous contracts, was reserved; but from the record it is ’abundantly proved, that the amount of which the note upon which the judgment was recovered at law forríls a moiety, was'produced by inducting in the cal-culation then made by the parties, usurious interest which had been previously reserved upon loans made by Lamme’to Saunders, and which had at the time accrued. it may, therefore, Upon legal principles, be asserted, that the note is contaminated by the usury therein contained, and in contemplation of law, illegal and void.
(%) rl'b a sci-re facias to revive a judgment, usury cannot he pleaded— Argu.
(3) A note executed for obtaincd°on an usurious considera- and by-plead-ingthe us'ury, an action on f’TR 1,(5 de'
(4) Judg-eration, are nut embraced by the words of the statute.
Otherwise as judgments,
(2) We have not,fdrgotten,‘ihat the amount of which [he note in question forms a moiety, had been previously adjudged to Lamme by a court of law, in an action which he prosecuted against Saunders upon another obligation, and we know that adjudged cases are not Wanting, to prove that to a s&ire facias brought to revivé a judgment rendered upon an usurious contract, the defendant will not be permitted to defeat the action, by pleading the asury. Cro. Eliz. 588; Ord on Usury, 93. .
- (3) But it does not thence 'follow, that if after judg-taent upon an Usurious contract, a new obligation be given for the amount, including the principal loaned ana usurious interest reserved, the- ostiry cannot he pleaded to an action brought upon such an obliga-tion and a recovery defeated, in such a case, theobli-§a^on *s f°r the payment of the money lent and usuri-ous interest reserved, and in the emphatic language of the law, is declared void; and if so, it follows necessa-rily, that by pleading the usury, any action founded upon it may be defeated.
(4) But if such be the doctrine of the law in relation to an action fo'unded upon an obligation given for the amount of a judgment rendered upon an usurious contract, it may possibly be asked, why is the rule otherwise in a scirefacias brought upon the judgment?
We answer, that the reason for a difference in the rule in the two cases, consists in the difference between an obligation and judgment, and grows out of the import of t|le statute concerning usury. The former is ex-pressiy declared void by the statute, and the latter has, been belt! noi to be comprehended by its provisions! *267 The statute declares void all .bonds, contracts, covenants, conveyances or, assurances, for payment of. any money or goods, fpr- the loan o.f which a higher interest. is reserved.than is allow.ed.by the.statute. Judgments are not named among the things which are declared void by the-statute, ancl'by construing assurances' not to embrace’ them, the principle has been settled, forbidding a defendant, pleadings usury in a scire facias, brought upon a judgment.
(5) Wliera-the nsmy has cf,fntiy pleaded in an action at ¿jg^nrrer plea overrai-.e'l end jndg-"d^themaf ter cannot again be set UP in etmt.v '
principal by has no connection with thatonwhiob wasremler-"’ ed, cannot be sct «P by tho a without some, thed'aim'^ could not bo as-wti-xl
Wklctiffe,, for plaintiff; Haggin, for defendant}.
But when the actio»is founded qpon an obligation which is embraced by the statute, the rule is .otherwise, and the usury, of course, pleadable,.
(5) If,.then, in the preceding remarks, we are correct, 'it follows, that the, first ground relied.uppn for relief by the complainant in the court below,.cannot be availing; for the usury was pleaded.at law to the- action which was brought upon the note by Lamme, and it is set-tied, that after relying upon the usury at law, the same matter cannot be again drawn in question in a court of equity. It is true, the demurrer of Lamme, which was filed to.theplea atlawsetting out the. usury,.was.sustained by the court of law, and the plea adjudged to be unavailing;, but if we are correct, the court ©flaw erred in sustaining the demurrer, and to be relieved from that error, the defendants in the action at law should have taken the case to the. court of revisa!, and not.rer sorted toa court of,equity.
It results, therefore, that there is nothing in the first ground, relied on by the. complainant, which can thorize-a.coort of. equity to.decree in his favor.,
(6) N.or are w.e of opinion that the other ground.relied o.n can be. availing. Without, going into the evh dence in relatiohto the demand asserted.against. Lamme for the merchandize and bull, it is sufficient to remark, that neither demand.is shown to have any connection with the debt for.which Lamme recovered law, and there is no other circumstance in the fending, to show any. reason., for not. asserting those qlaims at.law. '
The decree must, therefore, b'e-reversed with costs, the caused.remanded to the court.- belpw,.and the bill dismissed with, costs; and the injunction ..dissolved damages.
December 22.
A motion was made for a re-hearing of the question ot-the bar to the reliefof the complainant against the usury, by the plea tiled at law,,and there overruled, on the grounds and authorities contained in the following